IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EMMETT CALDWELL,

Plaintiff,

v.

DEPARTAMENTO DE LA VIVIENDA, et al.,

Defendants.

CIVIL NO. 23-1547 (CVR)

**OPNION AND ORDER**

**INTRODUCTION**

Pro-se Plaintiff Emmett Caldwell ("Plaintiff") brings forth this case as part of a long line of complaints he has filed before this Court.[1] In the present case, Plaintiff attempts to raise claims under Title 42, United States Code, Sec. 1983 against several Defendants including the Department of Vivienda, U.S. Department of Housing, Martinel Group, 911 Telephone Operator and State of Puerto Rico ("Defendants"). (Docket No. 2).

Plaintiff was ordered to submit summons and he complied by submitting several summons and requested this case be consolidated with Civ. 23-1357 (RAM).  (Docket Nos. 6 and 8).   The motion to consolidate was granted subject to approval by Chief Judge Raúl M. Arias-Marxuach. (Docket No. 9). However, the consolidation never materialized because Plaintiff filed an interlocutory appeal in Civ. 23-1357 (RAM).

Defendants in this case have not been served by the United States Marshal Service, as requested by Plaintiff in Docket No. 3, because as explained below, Plaintiff's Complaint is unintelligible and, thus, raises no claim upon which relief can be granted.

---

[1] See Civil Case Nos. 19-2062 (SCC), 20-1461 (JAG), 20-1462 (JAG), 21-1627 (ADC). 22-1062 (ADC), 23-1212 (RAM), 23-1083 (JAG) and 23-1357 (RAM).

Emmett Caldwell v. Department of Vivienda, et al.
Civil No. 23-1547 (CVR)
Opinion and Order
Page  2
_____

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary.").   Yet, to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See, Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

Plaintiff is proceeding *in forma pauperis* and *pro se*, and, although the Court may grant Plaintiff some leniency, it may dismiss *sua sponte* Plaintiff's case at any time for failure to state a claim upon which relief may be granted.   See 28 U.S.C. § 1915(e)(2).[2] Plaintiff has not requested that *pro bono* counsel be appointed to represent him in this case.   However, the Court notes that Plaintiff has been appointed multiple *pro bono* counsels in other cases he has filed before this Court and most of them have requested leave to withdraw.

---

[2] Specifically, § 1952(e)(2) provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

Emmett Caldwell v. Department of Vivienda, et al.
Civil No. 23-1547 (CVR)
Opinion and Order
Page 3
_____

## LEGAL ANALYSIS

A short shrift is given to this case, insofar as the Complaint fails to provide Defendants with any type of notice of the claims brought against them. The unintelligible factual allegations in the Complaint are insufficient to establish a plausible claim under any of the legal bases Plaintiff tries to assert. Even under the most liberal construction and giving *pro se* Plaintiff a wide berth, Plaintiff cannot be awarded any relief based on the allegations in the Complaint.

A careful review of the Complaint shows that it is impossible to discern the factual basis or legal theories on which Plaintiff relies. In a convoluted incoherent fashion, and as far as the undersigned can ascertain, Plaintiff seems[3] to repetitively allege some sort of failure by the government and the police to protect him from harm caused by an unidentified "gang" in a public housing project that allegedly beat him for being a "gringo." Plaintiff claims the police failed to notify him and warn him of this danger which caused him severe unspecified injuries. Plaintiff requests payment for a security guard 24/7, $1,000,000.00 for therapy, gang proof secure housing and $2,000,000.00 in punitive damages. (Docket No. 2).

In essence, Plaintiff fails to provide details as to the time, place, and date, at least in a general fashion, as to what each Defendant, their employees and/or representatives did that culminated in the alleged violations. See Romero-Barceló v. Hernández-Agosto, 75

---

[3] The term "seems" is purposely used to refer to the allegations contained in the Complaint because they are jumbled, incoherent and unintelligible.

<u>Emmett Caldwell v. Department of Vivienda, et al.</u>
Civil No. 23-1547 (CVR)
Opinion and Order
Page  4
_____

F.3d 23 n. 2 (1st Cir. 1996) ("a plaintiff … is nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.").   In fact, none of the allegations identify any specific individuals and none of the Defendants, employees and/or representatives are mentioned by name in any specific allegation nor their personal involvement.   Moreover, Plaintiff proffers in a sweeping and conclusory fashion that all Defendants violated his civil rights under Title 42, <u>United States Code</u>, Sec. 1983 and are liable under all the causes of action mentioned in the Complaint.[4]   This is insufficient to meet the threshold.   See <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1955 (pleading standard demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 998 (1st Cir. 1992) ("The pleading requirements, though 'minimal,' are not 'non-existent.'"). In Section 1983 claims, the complaint shall set forth minimal facts, "not conclusions or subjective characterizations, as to who did what to whom and why."  <u>Dewey v. Univ. of New Hampshire,</u> 694 F.2d 1, 3 (1st Cir. 1982).

Simply put, Plaintiff has failed to articulate any set of facts that will turn his claims from conceivable to plausible.   See <u>Torres v. Bella Vista Hosp., Inc.</u>, 523 F. Supp. 2d 123,

---

[4] To prevail in a Section 1983 claim, a plaintiff must establish three elements, to wit, the deprivation of a right, a causal connection between the actor and the deprivation, and state action. <u>See</u> Title 42, <u>United States Code</u>, Sec. 1983; <u>Sánchez v. Pereira-Castillo</u>, 590 F.3d 31, 41 (1st Cir. 2009); <u>Concepción v. Municipality of Gurabo</u>, 558 F.Supp.2d 149, 162 (D.P.R. 2007) (identifying the subset of elements necessary to establish causation). Furthermore, a plaintiff must show the link between each defendant and the federal right violation. <u>González-Piña v. Rodríguez,</u> 407 F.3d 425, 432 (1st Cir. 2005). The statute does not create substantive rights. Instead, it only provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws. The threshold issue presented by any Section 1983 case is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution.  See <u>Baker v. McCollan,</u> 443 U.S. 137, 99 S.Ct. 2689 (1979).

133 (D.P.R. 2007) ("[T]o avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"). The Complaint is devoid of any logic and coherence and fails to even broadly state how and which Defendant allegedly violated his rights. Thus, there are no facts in the Complaint upon which any relief can be granted.

In sum, the Complaint is in no way, shape, or form a short and plain statement of the claim; rather, it is a conglomeration of unintelligible allegations and lacks clarity. The complaint does not give Defendants fair notice of the claims and clearly will cause Defendants to expend significant and unnecessary effort to separate the wheat from the chaff to draft a reasoned response to defend themselves.

The court not only is under no obligation to interpret such a petition but is not in a position, from its face, to evaluate whether Plaintiff has suffered any deprivations of his constitutional rights. No factual statements could be found to sustain the same. This pleading reflects a clear violation of Rule 8(a) of the Fed. R. of Civ. P. See Cintrón-Luna v. Román-Bultrón, 668 F.Supp.2d 315, 318 (D.P.R. 2009); Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir.1993).

Consequently, *sua sponte* dismissal of the Complaint in the instant case is proper.

## CONCLUSION

For the reasons set forth above, the Complaint in this case is DISMISSED WITHOUT PREJUDICE.

Emmett Caldwell v. Department of Vivienda, et al.
Civil No. 23-1547 (CVR)
Opinion and Order
Page  6
_____

      Judgment shall be entered accordingly.

      IT IS SO ORDERED.

      In San Juan, Puerto Rico, on this 8th day of February 2024.

                                    S/CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ RIVE
                                    UNITED STATES DISTRICT JUDGE